UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW RAYMOND JAMES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 25-1720 (UNA) |
| JOHN DOE, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1), and motions for emergency relief (ECF Nos. 3-4). The Court will grant the application, dismiss the complaint, and deny the motions as moot.

Plaintiff alleges that, since 2024, he has been "the target of persistent, unexplained surveillance activities," Compl. ¶ 5, such as "unmarked vehicles parked outside [his] home, unidentified aircraft and drones hovering above [his] residence, phone and internet interference and community-based harassment," *id*. In addition, plaintiff alleges, he "has experienced illegal entries into [his] residence living space, tampering with personal property, and coordination between neighbors, landlords, and unknown actors to follow, intimidate, and undermine [his] autonomy and livelihood." *Id*. ¶ 7. Plaintiff deems these activities "part of a coordinated campaign of extrajudicial targeting carried out either by or with the knowledge of governmental entities[.]" *Id*. ¶ 8. He demands a declaratory judgment that these activities violate rights protected under the First, Fourth, and Fourteenth Amendments to the United States Constitution, among other relief. *See id*. at 5.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard.

Plaintiff's fanciful assertions against unidentified individuals or government entities for unknown reasons are, indeed, frivolous, and the Court cannot exercise jurisdiction over a frivolous complaint. A separate order will issue.

DATE: June 18, 2025

/s/
AMIT P. MEHTA
United States District Judge